ZOA RODRÍGUEZ-MATTEI and NÉSTOR RODRÍGUEZ-MATTEI, Plaintiffs and Appellants, v. ELVIRA RODRÍGUEZ-CUEVAS, Defendant and Appellee.

No. 3904. Argued June 24, 1926.—Decided July 29, 1926.

*Arjona & Arjona* for the appellants. *Tomás Paz, Jr.,* and *Leopoldo Tormes* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The complaint in this case was filed by a brother and a sister of the deceased Conrado Rodríguez Mattei, they alleging therein that their said brother died a bachelor without leaving descendants or ascendants of any kind, wherefore his estate belonged to his brother and sister, and that Elvira Rodríguez Cuevas obtained a judgment declaring her

to be the sole heir of their deceased brother because she had been acknowledged by him as his natural child in the record of her birth; but that it is not true that Conrado Rodríguez Mattei acknowledged Elvira Rodríguez Cuevas as his natural child in the record of her birth, wherefore she is not entitled to their brother's estate and the declaration of heirship made in her favor should be set aside, canceling the record made in the registry of property by virtue of the said declaration of heirship.

Elvira Rodríguez Cuevas opposed that complaint and filed a counter-complaint praying that she be declared the acknowledged daughter of Conrado Rodríguez Mattei, but at the trial she introduced no evidence to sustain the allegations made by her and the court, deciding the case on the evidence introduced by the plaintiffs, dismissed the complaint, whereupon this appeal was taken by the parties prejudiced by that judgment.

It appears from the evidence of the plaintiffs that Elvira Rodríguez Cuevas filed an *ex parte* proceeding in the District Court of Ponce for designation as heir of Conrado Rodríguez Mattei, averring therein that said Conrado Rodríguez Mattei died a bachelor and consequently without legitimate descendants; that said Conrado Rodríguez Mattei left no ascendants and no will could be found in the notarial offices of the district; that said Conrado Rodríguez Mattei left the petitioner as his sole heir, she being his natural daughter duly acknowledged by him in the record of her birth; that she would offer in evidence the record of her birth and that of the death of her father in the form of certificates issued from the proper civil registry and the testimony of two witnesses with full knowledge of the facts. In that proceeding appears a certificate of the death of Conrado Rodríguez and a certificate of the birth of Elvira Rodríguez Cuevas made at Maricao on the 20th of May, 1902, wherein it appears that before the municipal judge of Maricao and his acting secretary came Conrado Rodríguez

Mattei, a bachelor, to record the birth of Elvira on the 16th of March, 1902, at the home of her mother, Monserrate Cuevas, and that the said child was acknowledged by Conrado Rodríguez as his daughter of his own free will and with the consent of her mother, being witnesses the two persons named. This record of birth appears to be signed by the judge and the two witnesses, but not by Conrado Rodríguez Mattei. There is not in the *ex parte* proceeding the testimony of the witnesses that may have been examined, and the District Court of Ponce, taking into consideration the petition, the documentary evidence and testimony of witnesses introduced at the hearing on the petition that the death intestate of Conrado Rodríguez Mattei had occurred on the 4th of March, 1921, at Yauco, the place of his last domicile; that he died a bachelor and consequently without legitimate descendants or ascendants and leaving as his sole heir the petitioner as his only natural child and acknowledged by him in the record of her birth, by its judgment of the 30th of July, 1921, declared Elvira Rodríguez Cuevas to be the sole heir of Conrado Rodríguez Mattei. At the trial whereon was rendered the judgment from which this appeal is taken there was introduced as evidence the book of the civil registry showing the original record of the birth, a certified copy of which was introduced as evidence in the proceeding for the declaration of heirship, and in that original entry does not appear the signature of Conrado Rodríguez Mattei, and on referring to the paternal grandparents of the child, the parents of Conrado Rodríguez Mattei, there appear the surnames Rodríguez Mattei, but the blanks for the names of the grandparents are left unfilled.

The lower court admitted, as shown by the evidence, that the record of the birth of Elvira Rodríguez Cuevas is not signed by Conrado Rodríguez Mattei, but it dismissed the complaint whereby the nullity of the declaration of heirship in favor of said Elvira Rodríguez Cuevas was sought, being

of the opinion that before setting aside the declaration of heirship it is necessary to petition for the nullity of the record of the defendant's birth, and because the deficiency of the documentary evidence produced in the proceeding for the declaration of heirship in connection with the acknowledgment of the defendant could have been cured by the testimony of the witnesses referred to by the judge in his judgment on the declaration of heirship, these being grounds assigned as error in this appeal.

As Elvira Rodríguez Cuevas was born on the 16th of March, 1902, and the record of her birth was made on the 20th of May of the same year, it is to the laws in force at that time that we must refer.

According to article 25 of the Regulations for the application of the Civil Registry Law of November, 1884, then in force, all records in the various sections of the civil registry had to be signed by the judge and the secretary, by the persons making the declaration or statement to which the records referred, and by two witnesses of legal age; and article 328 of the Spanish Civil Code, then also in force and the enactment of which was subsequent to that of the Civil Registry Law, provided that the records of birth in the civil registry should be signed by the author thereof, or by two witnesses at his request if he could not sign. And as the record of the birth of Elvira Rodríguez Cuevas is not signed by Conrado Rodríguez Mattei, nor by two witnesses at his request because of his not knowing how to sign, it can not be held that the defendant was acknowledged in the record of her birth by Conrado Rodríguez Mattei as his natural daughter, and consequently she had no right to come into court as petitioner in an *ex parte* proceeding to obtain a declaration of heirship wherein it was necessary to produce either the record of her birth containing the acknowledgment, or the will, or some other public instrument wherein

the acknowledgment may have been made (sec. 131 of the Civil Code), as this Supreme Court held in the case of *Puente* v. *Puente,* 16 P.R.R. 556. And since because of the fact of the record of the defendant's birth, wherein it is stated that the child was acknowledged as his daughter by Conrado Rodríguez Mattei, was not signed by Conrado Rodríguez Mattei, he did not acknowlege her and it was not necessary to obtain the nullity of that acknowledgment before setting aside the declaration of heirship which brought about this suit.

If said Conrado Rodríguez Mattei had signed the said record, or two witnesses had signed for him at his request, then if there were any taint of nullity in the entry, a declaration setting it aside would become necessary; but not so when there is no acknowledgment authorized by the father.

With respect to the other basis of the judgment, it can not be maintained that as the judge who acted in the declaration of heirship took into consideration documentary evidence as well as the testimony of witnesses in the said proceeding on the declaration of heirship, the deficiency in the record of the birth may have been cured, because, according to the judgment rendered on the declaration of heirship, the acknowledgment of the child as a natural daughter appeared from the record of birth, wherefore the judge could not have reached that conclusion from any other evidence; because if it had been necessary to introduce any other evidence as to the acknowledgment independently of the record of birth, then in the said record there was no such acknowledgment made by the father, and when the acknowledgment is not made in the record of birth, or in a will, or in some other form of public instrument, it can not be proved in a proceeding for declaration of heirship, which is of the nature of an *ex parte* proceeding, that the person seeking to be declared the heir is the natural daughter

of the person to be inherited from. And in the case of *Puente* v. *Puente, supra,* which was a proceeding for a declaration of heirship wherein a daughter tried to prove that she had been acknowledged by her father, the following was said in the opinion delivered by Mr. Chief Justice Del Toro.

"The procedure prescribed in the act relating to special legal proceedings, to which we have made reference, is not the proper proceeding in which to obtain a judgment holding a person to be the acknowledged natural child of another. It has been the constant practice that when a father fails or declines to make the acknowledgment, that the son must have recourse to a court of competent jurisdiction and exercise an action for filiation, to secure a judgment of the court declaring what the father failed or declined to declare. This proceeding, from its nature, is 'contentious,' and the parties thereto in addition to the son, are the father or his heirs and successors in interest.

"Only when a natural child had been voluntarily and formally acknowledged by the father, or has obtained a judgment recognizing him as such, can recourse be had to the act relating to special legal proceedings to obtain the declaration of his heirs in cases of intestate inheritance . . . . ."

The case of *González* v. *González et al.,* decided by this court on the 12th of this month (*ante,* p. 642) is also applicable to the present case.

Therefore, the judge who rendered the judgment having based it, according to his own words, on a record of birth wherein it does not appear that the father acknowledged Elvira Rodríguez Cuevas as his natural daughter, because he did not sign it, and it not being possible to introduce the testimony of witnesses to cure the defect in the said record with respect to the acknowledgment, the declaration of heirship now contested is based on a mistake of fact and should be annulled.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.